(Reap. Dec. 9527)

## ARBIT TRADING COMPANY *v.* UNITED STATES

Entry No. 803525.

(Decided October 29, 1959)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: This appeal for reappraisement is from a finding of value made by the appraiser with respect to merchandise described on the invoice as "Finnish Birch Plywood," quality BB/WG, in sizes 60 by 36 inches and 36 by 60 inches, and five-eighths of an inch thick, exported from Finland on or about October 26, 1956.

The merchandise was entered at the invoice value of $180 per thousand square feet, less ocean freight and insurance, as invoiced, packed. It was appraised at $177.93 per thousand square feet, net,

packed, on the basis of the foreign value of similar merchandise, which basis of valuation is defined in section 402(c), as amended, of the Tariff Act of 1930.

Plaintiff contends that the entered value, on the basis of export value, defined in section 402(d) of the Tariff Act of 1930, is the correct value of the merchandise, and it is conceded by the defendant that if the court should find that there was no foreign value, then the entered value, representing the export value, is the correct dutiable value for the merchandise (defendant's brief, p. 6).

As the issue is presented, therefore, it involves only the question of whether there was a foreign value for the merchandise under appraisement. Plaintiff's contention is that the imported merchandise is of a size and quality of plywood which is manufactured in Finland solely for exportation to the United States and is not offered for sale for home consumption in Finland.

In support of this contention, plaintiff offered as evidence the affidavit of B. Sallmen, who identifies himself therein as the sales manager of the manufacturer and exporter of the plywood here under appraisement. Mr. Sallmen's qualifications to give evidence with respect to the market situation in Finland, both for domestic sale and use and for exportation to the United States, of all kinds of plywood, and particularly with respect to the manufacture and offer for sale of plywood such as that here involved by his own firm and other manufacturers and sellers of plywood in Finland, are well set forth in his affidavit. The affidavit was received in evidence over the objection of counsel for the defendant as plaintiff's exhibit 1.

The facts contained in Mr. Sallmen's affidavit are supplemented by oral testimony given by the owner of the importing company, who, in the course of some 15 trips to Finland in the 5 years preceding his testimony for the purpose of purchasing plywood, had visited birch plywood mills and become familiar with the market in Finland for the offer and sale of all types of plywood, including that at bar.

The evidence offered by the plaintiff establishes that plywood is manufactured in certain so-called "press" sizes; that four of these sizes, namely, 30 by 48 inches, 30 by 60 inches, 36 by 60 inches, and 36 by 72 inches, are known as "table top" plywood, designed not only by face sizes but also by thickness (five-eighths of an inch or 15 millimeters) and by uniformity of surfaces for use as a base upon which a laminated paper product is to be cemented and the material used as tops for tables. The evidence is clear and uncontradicted that plywood in such sizes, thicknesses, and surfaces is made only for the American market and is not sold or used domestically in Finland.

The evidence offered on behalf of the defendant consists of the commercial and consular invoices covering the merchandise at bar (defendant's collective exhibit A), and a pricelist (defendant's col-

lective exhibit C). Neither on their face, nor in conjunction with any of the other evidence offered, does it appear that these exhibits tend to disprove the contention of the plaintiff or prove that of the defendant. No effort was made in the brief filed on behalf of the defendant to show any probative value which the exhibits might be claimed to have, and, under the circumstances, I find them to be without such value.

In the brief filed on behalf of the defendant, some argument is made that the proof offered by the plaintiff is insufficient to establish the existence of export value. In view of the concession made by the defendant, hereinbefore referred to, that—

\* \* \* It is conceded by the Government that if there is no foreign value, then the entered value representing the export value is the correct dutiable value for the merchandise.

it would appear that there is no issue as to the existence and amount of export value for the merchandise involved herein.

In the brief filed on behalf of the defendant, it is charged that "Exhibit 1 contained only conclusions, self-serving, hearsay statements without any evidentiary facts in support thereof." No effort was made in the brief to identify the "conclusions, self-serving, hearsay statements." I have read the affidavit carefully. It contains eight numbered paragraphs. In the first paragraph, the affiant identifies himself and gives his experiential background, on the basis of which he makes the statements in the succeeding paragraphs.

Mr. Sallmen, the affiant, appears to have been very well qualified as a person familiar with the domestic and export market for plywood in Finland. I find no statements in the affidavit which could properly be termed "self-serving" or "hearsay," and any statements which are in the form of "conclusions" are amply supported by statements of evidentiary fact. I find no merit in the defendant's attack on the statements made in exhibit 1, and the citations of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593; *United States* v. *Baar & Beards, Inc.*, 46 C.C.P.A. (Customs) 92, C.A.D. 705; and *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648, are inapplicable.

It is said in the brief filed in its behalf that the defendant "seriously" questions the credibility of some of the statements made in exhibit 1. I do not find the statements incredible or unbelievable. They are statements which could properly be made by a person of Mr. Sallmen's background and experience in the plywood market in Finland.

In the same brief, counsel for the defendant calls attention to—

\* \* \* the consolidated cases of *Plywood & Door Manufacturers Corporation* v. *United States*, 40 Cust. Ct. 763, R.D. 9111, at page 769, wherein this quality merchandise BB/WG, of this thickness ⅝″, of the sizes, 60 x 30 and 60 x 36, was

set forth as having a foreign value, after a trial, which was contested, and revolved about a large number of sales of all sizes so as to determine a usual wholesale quantity. In the above cases, merchandise of the same sizes as set forth in paragraph 2 of Exhibit 1, were involved. The necessity of the detailed evidentiary facts instead of conclusions is obvious in view of the impeachment and negation of the positive assertion that such sized plywood was never sold in Finland. See, also, *Lang & Marshall Company, Inc.* v. *United States*, 40 Cust. Ct. 703, R.D. 9085.

To begin with, the *Plywood & Door Manufacturers Corporation* case was *not* consolidated with the present case, nor was the record therein or the record in the *Lang & Marshall Company, Inc.*, case incorporated as part of the record in this case, nor were they even referred to during the course of the trial of the instant case. Secondly, it clearly appears in the opinion in the *Plywood & Door Manufacturers Corporation* case that the value of the ⅝″ BB/WG 60 by 30/36″ plywood was *stipulated* by the parties therein, and was not arrived at "after a trial, which was contested." The same situation obtains as to the "BB–WG 60 x 30 and 30 x 60" plywood involved in the *Lang & Marshall Company, Inc.*, case. Of course, the plaintiff in this case could not be bound by stipulations entered into by other plaintiffs in other cases, and the mere fact that the stipulations involved merchandise of descriptions similar to that in the case at bar is no impeachment or negation of the facts sworn to by Mr. Sallmen in exhibit 1.

On the record before me, I find that the plaintiff has established the nonexistence of foreign value, as defined in the tariff act, for merchandise such as or similar to that at bar. I, therefore, find as facts:

(1) That the merchandise involved consists of Finnish Birch Plywood, quality BB/WG, in sizes 60 by 36 inches and 36 by 60 inches, and five-eighths of an inch thick, exported from Finland on or about October 26, 1956.

(2) That at or about the time of exportation of the merchandise under appraisement neither such nor similar merchandise was freely offered for sale to all purchasers for home consumption in Finland.

(3) That at or about the said time the price at which such merchandise was freely offered for sale to all purchasers in the principal markets of Finland, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the entered value.

I conclude as matters of law:

(1) That export value, as defined in section 402(d), Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved, and

(2)    That such value is the entered value.

Judgment will issue accordingly.