(A.R.D. 131)

## UNITED STATES v. ARBIT TRADING COMPANY

Entry No. 803525.

### Second Division, Appellate Term

(Decided April 24, 1961)

*William H. Orrick, Jr.,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the appellant.

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This is an application for review of the decision of the trial court reported in *Arbit Trading Company* v. *United States*, 43 Cust. Ct. 517, Reap. Dec. 9527, wherein the appeal for reappraisement was sustained. The trial court found the proper basis of appraisement to be export value, as defined under section 402(d) of the Tariff Act of 1930, and held said value to be the entered value.

The merchandise involved was described on the invoice as "Finnish Birch Plywood" in a quality indicated as BB/WG, having a thickness of five-eighths of an inch, and in sizes of 60 by 36 inches and 36 by 60 inches.

The merchandise was entered at the invoice unit value of $180 per thousand square feet, packed, less ocean freight and insurance. It was appraised at $177.93 per thousand square feet, net, packed, on the basis of foreign value of similar merchandise.

On behalf of the importer, there was introduced before the trial court the oral testimony of Mr. Bernard D. Arbit, the importer herein, and an affidavit from the sales manager, Mr. B. Sallmen, of the manufacturer of the merchandise involved herein, which was received in evidence as plaintiff's exhibit 1. The United States, the appellant herein, offered and there was received in evidence the official papers, defendant's collective exhibit "A," and a pricelist, defendant's collective exhibit "C."

It is the contention of the appellant herein that the oral testimony "is devoid of *any* competent evidence nullifying the existence of a foreign value of such or similar merchandise" [italics quoted] and that plaintiff's exhibit 1 contains only conclusions, self-serving declarations, and hearsay statements, without any evidentiary facts, citing *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *United States* v. *Baar & Beards, Inc.*, 46 C.C.P.A. (Customs) 92, C.A.D. 705; *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648. In view of this, appellant contends appellee has failed to establish a *prima facie* case.

In a well-reasoned opinion, with which we concur, the trial court, in considering the above contention with respect to exhibit 1, made the following observation:

* * * I have read the affidavit carefully. It contains eight numbered paragraphs. In the first paragraph, the affiant identifies himself and gives his experiential background, on the basis of which he makes the statements in the succeeding paragraphs.

Mr. Sallmen, the affiant, appears to have been very well qualified as a person familiar with the domestic and export market for plywood in Finland. I find no statements in the affidavit which could properly be termed "self-serving" or "hearsay," and any statements which are in the form of "conclusions" are amply supported by statements of evidentiary fact. I find no merit in the defendant's attack on the statements made in exhibit 1, and the citations of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593; *United States* v. *Baar & Beards, Inc.*, 46 C.C.P.A. (Customs) 92, C.A.D. 705; and *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648, are inapplicable.

The record, briefs on behalf of appellant, and the argument advanced by appellant are replete with statements relative to the imported merchandise being referred to as "table tops" in the oral testimony of the importer, as well as the affidavit received as plaintiff's exhibit 1. Appellant argues that this is an attempt to categorize the involved merchandise into a specific classification which is improper in an appeal for reappraisement. It is to be noted that the trial judge did not deal with this theory in his decision and, consequently, no assignment of error has been made on this ground by appellant. We do not feel this position to be germane to the issue before the court. In view of the importance placed upon it by appellant, the court is desirous of making the following observations.

Plywood, as it appears in paragraph 405 of the Tariff Act of 1930, is an *eo nomine* designation of a wood product made in a certain way. *B. A. McKenzie & Co., Inc., et al.* v. *United States*, 41 Cust. Ct. 43 C.D. 2019. Whether the article is designated as "plywood" or "table tops" in the instant case is immaterial. A question of value, not classification, is involved herein. The evidence offered by appellee establishes

to the satisfaction of the court that plywood of the quality, thickness, and dimensions involved herein, was merely referred to as "table tops" for convenience and that said merchandise was not freely offered in the domestic market. Counsel for appellant herein, in its brief below, agreed that if there is no foreign value the entered value, representing the export value, is the correct dutiable value of the merchandise.

Appellant also relies upon the case of *United States* v. *Arkell Safety Bag Co.*, 22 C.C.P.A. (Customs) 258, T.D. 47210, which involved certain Kraft wrapping paper of the same quality, size, and use as Kraft paper sold in the country of exportation, with the exception of the diameter of the roll. The importer therein contended that the merchandise shipped to the United States was not freely offered for sale in the home market, since the diameter of the rolls so offered was different from those exported to the United States. The appellate court, in its decision, found that the foreign value was the proper basis of appraisement, since the merchandise being appraised was paper *per se* and not rolls of paper. In arriving at this conclusion, the court made the following pertinent observations:

It is to be remembered that the controversy here does not depend upon differences in width or size of the *paper* sold in Sweden, for domestic use, and that exported, but solely upon the difference in the *diameter* of the *rolls*. There is no claim here based upon the size, weight, or quality of the paper; the claim is based wholly upon the size of the roll into which the paper is fashioned for marketing. [Italics quoted.]

The case at bar is readily distinguishable from the *Arkell* case, *supra*, in many respects. The plywood in the instant case is manufactured to the particular size and is not cut from a larger piece of plywood, such as the Kraft paper in the *Arkell* case, *supra*. In addition, the plywood involved herein required special attention to be given to its surface to enable it to be used for its intended purpose, whereas the Kraft paper in the *Arkell* case, *supra*, was found by the court to be "practically the same as that sold for exportation." Another distinguishing factor, based upon the record, is that the end use of the plywood imported was different than the plywood sold for domestic consumption, because of some of the features indicated, *supra*, while the Kraft paper in the *Arkell* case, *supra*, was adapted to substantially the same uses. The decision in the *Arkell* case, *supra*, was directed to the packaging of the Kraft paper rather than to the paper itself. Accordingly, the *Arkell* case, *supra*, is not, in our opinion, controlling herein.

Upon the entire record before us, we find as facts:

1. That the merchandise involved herein consists of Finnish Birch Plywood, quality BB/WG, having a thickness of five-eighths of an inch, and in sizes 60 by 36 inches and 36 by 60 inches, exported from Finland.

2. That, on or about the date of exportation, such or similar merchandise was not freely offered for sale for home consumption in Finland.

3. That, on or about the date of exportation, the price at which such merchandise was freely offered for sale to all purchasers in the principal markets of Finland, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the entered value.

We conclude as matter of law:

1. That the export value, as defined in section 402(d) of the Tariff Act of 1930, is the proper basis for determination of the value of the merchandise involved.

2. That such value is the entered value.

The decision and judgment of the trial court, are, therefore, affirmed.

Judgment will be rendered accordingly.