(Reap. Dec. 10424)

SAMUEL SHAPIRO & CO., INC. *v.* UNITED STATES

Entry Nos. 2892; 3402.

(Decided January 14, 1963)

*Tompkins & Tompkins* for the plaintiff.
*Joseph D. Guilfoyle,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The above-enumerated appeals for reappraisement were submitted for decision upon stipulation of counsel, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, subject to the approval of the court, that the reappraisement appeals specified above, are limited to the items identified on the invoices with the sizes 48″ x 30″ or the size 60″ x 30″, and that said items consist of birch plywood from Finland of the same kind in all material respects, and subject to the same marketing and sales conditions as the merchandise and the conditions that were the subject of decision in the case of *United States* v. *Arbit Trading Company,* 46 Cust. Ct. 785, A.R.D. 131, and that the record in said cited case may be received into evidence in the appeals set forth above.

That at or about the dates of exportation such and similar plywood was not freely offered for sale for home consumption in Finland; and the prices at which it was freely offered for sale to all purchasers in the principal markets of Finland in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice prices as set forth in the invoices covered by the above reappraisement appeals, less prorated the items of ocean freight insurance and consular fees as set forth in said invoices.

On the agreed facts, I find export value, as defined in section 402(d), Tariff Act of 1930, to be the proper basis for the determination of the values of the birch plywood, to which the appeals for reappraisement have been limited, and that such values are the invoice prices, as set forth on the invoices, less prorated the items of ocean freight, insurance, and consular fees, as set forth in said invoices.

As to all other merchandise, the appeals are dismissed, and judgment will issue accordingly.